In the Matter of the Application of BROOKLYN BAR ASSOCIATION in Respect of SIDNEY SZERLIP, an Attorney and Counselor at Law, Respondent.

Second Department, July 2, 1937.

*Charles J. Buchner*, for the motion.

*Stephen Callaghan* [*Ralph Stout* with him on the brief], opposed.

PER CURIAM. Petitioner recommends that the report, in so far as it finds respondent guilty of wrongdoing, be confirmed, but that the respondent should be disbarred instead of being suspended for two years. Respondent prays that the charges be dismissed.

Respondent is fifty-four years of age and was admitted to the Bar on November 22, 1911. In June, 1929, respondent was consulted by a client who wished to obtain a divorce from his wife, from whom, at the time, he was living separate and apart. Thereafter respondent visited the wife at the home of her mother and obtained from her a notice of appearance and a power of attorney to enable the husband to procure a divorce in Mexico. He arranged with the wife, in behalf of the husband, that she was to receive the sum of $500 and $50 a month for her support. The wife was without representation in the transaction. She had been confined in a private sanitarium for several years prior to 1929, and since that time in a State institution for the insane, and was paroled in the custody of her mother about a week before respondent visited her and obtained the papers above mentioned. Respondent insisted that he did not know that the wife had been an inmate of an institution for the insane before the time of his visit. The husband, however, testified that he had informed the respondent of the true status of his wife. The wife received the promised $500, and the $50 a month was paid to her for a short time by the husband. A few months thereafter the wife was returned to the State institution and then only $10 a month was paid by the husband. She remained in the State institution until early in 1936, when she was paroled and thereafter discharged. After her discharge she lived on the bounty of the city of New York in a municipal lodging house. She began a proceeding for support in the Domestic Relations Court against her husband, who had long since obtained the Mexican divorce and remarried. She was represented in that court by the corporation counsel of the city of New York. The respondent again represented the husband. During the pendency of the proceeding the respondent, without the knowledge of the assistant corporation counsel in charge, had the wife come to his office. He there arranged with her that her differences with her husband should be settled for $500, and she should give a general release and an affidavit declaring her satisfaction with the divorce. These papers were executed by the wife in the respondent's office but were not delivered because her husband did not have with him at the time sufficient money to pay the $500. The papers were left in escrow with an office associate of respondent. The wife, acting upon advice, then refused to accept the money, and the papers never were delivered.

The official referee reports that respondent knew that the wife had been in an institution for the insane shortly before the transaction of June, 1929. The court finds no reason for disturbing that finding.

At the time in 1929 when respondent procured papers from her for the Mexican divorce, the wife was mentally deficient. However, the proof tends to show she was willing to have her husband procure a divorce. Nevertheless it was a gross impropriety for respondent to have dealt with this unrepresented and unprotected wife and to receive from her documents which would mean a serious change in her life and, in addition, to abandon her to the caprice of her husband in the matter of support. As said by the official referee, it was the plain duty of respondent not to deal with her but to advise her to seek counsel. Respondent's conduct in dealing with the wife during the pendency of the Domestic Relations Court proceeding was also reprehensible. He knew she had an attorney, with whom it was his duty to discuss any proposition of adjustment if one could have been lawfully made.

The respondent has failed in his duty as an attorney and must be disciplined. Suspension for two years is not adequate to meet the wrong.

The respondent should be suspended from the practice of the law for a period of five years.

Present — LAZANSKY, P. J., HAGARTY, DAVIS, JOHNSTON and TAYLOR, JJ.

Respondent suspended from the practice of the law for a period of five years.